[Sac. No. 4502.   In Bank.—August 23, 1932.]

A. J. BARR et al., Appellants, v. HENRY B. REAM, Respondent.

Tebbe & Tebbe, B. K. Collier and Jesse W. Carter for Appellants.

Carr & Kennedy for Respondent.

THE COURT.—This is an appeal by plaintiff from a judgment of the Superior Court of Siskiyou County in an action to determine certain water rights. Three tracts of land are involved in the action. Plaintiffs' upper tract, about 15 acres in extent, was acquired by them in 1912 from the Sisson Tavern Company. South of it lies 146 acres belonging to defendant. South of that lies plaintiffs' lower tract of 73 acres. A watercourse known as Cold Creek enters the southwesterly portion of plaintiffs' upper tract, flows through it in a southwesterly direction, and thence through the land of defendant, but does not enter plaintiffs' lower tract. A ditch known as Barr Ditch taps Cold Creek at about the entrance on to plaintiffs' upper tract, and proceeds in an almost southerly direction through said tract, then through the land of defendant, and finally upon the lower tract of plaintiffs. Although some other issues were presented at the trial, the case on appeal is concerned solely with the rights of the parties in the waters of Cold Creek and Barr Ditch. The trial court found that the ditch was built by plaintiffs in 1904, prior to the time of their acquisition of title to the upper tract, and under permission of the then owners of said tract; that defendant permitted plaintiffs to divert water over his land in said ditch, to the extent that such water was not used by defendant or his tenants; that previously defendant and his predecessors had an easement for a right of way over a portion of plaintiffs' upper tract to divert water from Cold Creek, and that it was agreed between the parties that defendant should abandon his said easement and instead

make use of Barr Ditch for said purpose; that for more than five years prior to the commencement of this action, defendant has used Barr Ditch adversely to plaintiffs and has an easement in it to take the waters of Cold Creek for irrigation on his land, with the exception of two miner's inches awarded to plaintiffs under their riparian right.

Plaintiffs appeal on the ground of insufficiency of the evidence to sustain the findings. They contend that defendant has not acquired a prescriptive right to divert water through Barr Ditch, and that plaintiffs have acquired such a right to thirty inches of water. They point to evidence showing continuous use for many years by plaintiffs, save where defendant or his tenants temporarily interrupted said use. On the other hand, defendant contends and the court found that the use was always permissive, and that defendant always asserted his right to the water and only gave up such quantity to plaintiffs as he was himself unable to use. The amount of water has greatly decreased in recent years and this explains the difficulties that have arisen between the parties.

Our study of the record satisfies us that there is sufficient evidence to support the findings and judgment. The testimony is in substantial conflict, but it would be difficult to arrive at any view contrary to that of the trial court since it definitely appears that on repeated occasions defendant or his tenants interrupted plaintiffs' use, and sometimes took all of the available water.

Plaintiffs also contend that they are entitled to the amount of water claimed on the theory of a permission to take the same, followed by expenditures in reliance thereon, resulting in an irrevocable license or easement. We find no satisfactory evidence in the record to justify the application of this doctrine. On the contrary, it appears that defendant gave plaintiffs permission to use only the excess water, and that the amount claimed by plaintiffs was claimed adversely, according to the evidence presented on their behalf, and not under a parol license.

No purpose would be served by an extensive review of the evidence. We are satisfied with the conclusions of the trial court on all of the issues.

The judgment is affirmed.

Rehearing denied.